THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MORGAN and JENNIFER MORGAN,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. C21-5783-JCC<br><br>ORDER |

　　　　Before the Court is Defendant Experian Information Solutions, Inc.'s ("EIS") motion to compel arbitration (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

　　　　Plaintiffs allege that EIS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), when it inaccurately investigated and reported on their voluntary surrender of a timeshare interest to Hilton Grand Vacations Company LLC. (Dkt. No. 1 at 2.) EIS moves to compel arbitration of Plaintiffs' FCRA claims.[1] (*See* Dkt. No. 22.) EIS argues that, by signing up for the Experian CreditWorks' online credit monitoring product, Plaintiffs agreed to arbitrate any

---

[1] Plaintiffs also asserted an FCRA claim against Hilton Grand Vacations Company LLC. (*See id.* at 22–24.) But those claims have since been dismissed. (*See* Dkt. No. 26 (notice of voluntary dismissal)).

ORDER
C21-5783-JCC
PAGE - 1

claims against EIS. (*Id.* at 9–21.) This is because, at the time Plaintiffs signed up for the credit monitoring product, they agreed to CreditWorks' terms of use ("TOU"), which included an arbitration provision. (*Id.*) The provision applies not just to Plaintiffs' dealings with ConsumerInfo.com, Inc., which does business as Experian Consumer Services ("ECS") and operates the Experian CreditWorks product, but ECS affiliates, which include EIS. (*Id.* at 9–21.) The relevant TOU language is as follows: "For purposes of this arbitration provision, references to "ECS," "you," and "us" shall include our respective parent entities, subsidiaries, *affiliates* . . . ." (Dkt. Nos. 23-1 at 11, 41, 86 (emphasis added).)

Plaintiffs assert that EIS is not a party to the TOU and even if it were, its services fall outside the scope of the arbitration agreement. (*See* Dkt. No. 27 at 5–27.) Neither argument is persuasive. Under the Federal Arbitration Act ("FAA"), the Court's review is limited to deciding whether an arbitration clause (1) is valid and (2) covers the dispute at issue. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).

It is undisputed that the TOU applies to ECS affiliates and Plaintiff offers no cogent argument why ESI should not be considered one. (*See generally* Dkt. No. 27.) EIS shares common ownership with ECS and is referenced[2] throughout the relevant TOUs. (*See* Dkt. No. 23 at 2, 23-1 at 6–122.) And to the extent that EIS's credit bureau services are not within the scope of services covered by the TOU and, resultingly, the arbitration agreement, this is an issue the TOU has reserved for the arbitrator to decide. (*See* Dkt. No. 23-1 at 12, 42, 87 (issues for the arbitrator to decide include "the scope" of the "arbitration provision" as well as "other terms and conditions").) Plaintiffs present nothing to suggest this is not a valid delegation provision. And, so long as the delegation provision is valid, the Court "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). This is true "even if the court thinks that the argument that the arbitration agreement

---

[2] ESI is referenced in the TOUs as "Experian Information Solutions, Inc." and/or "Experian Credit Bureau." (*See, e.g.*, Dkt. No. 23-1 at 7, 36, 81.)

applies to a particular dispute is wholly groundless." *Id.*

For the foregoing reasons, EIS's motion to compel arbitration (Dkt. No. 22) is GRANTED. This action is STAYED pending arbitration. The parties are ORDERED to submit a joint status report within fourteen (14) days of the completion of arbitration proceedings.

DATED this 4th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE